UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MARJORIE PATTERSON, | ) CASE NO. 1:23-cv-681 |
| Plaintiff, | ) JUDGE CHARLES E. FLEMING |
| v. | ) |
| HG OHIO EMPLOYEE HOLDING CORP., *et al.*, | ) ORDER |
| Defendants. | ) |

Before the Court is the motion of Defendant Lionstone HZ OpCo Holdings, LLC ("Lionstone") to strike, or in the alternative, dismiss the second amended complaint ("Motion to Strike"). (ECF No. 25). For the reasons discussed below, the Motion to Strike is **GRANTED IN PART** and Lionstone and Holland Management, Inc. are **STRICKEN** as party defendants.

I.   FACTUAL AND PROCEDURAL BACKGROUND

On March 31, 2023, Plaintiff Marjorie Patterson filed a complaint against Oak Grove Manor Operating Company, LLC ("Oak Grove") and HG Ohio Operations, LLC d/b/a HG Ohio ("HG Ohio"). (ECF No. 1). On June 1, 2023, Plaintiff filed an amended complaint that dropped Oak Grove as a defendant and asserted claims against HG Ohio and HG Ohio Employee Holding Corp. ("HG Holding") (collectively, the "HG Defendants"). (ECF No. 6). The first amended complaint asserted four claims against the HG Defendants: (i) Age Discrimination, in violation of Ohio Rev. Code §§ 4112.02, *et seq.* (Count One); (ii) Violation of Ohio Public Policy under Ohio Rev. Code § 4123.90 (Count Two); (iii) Creation of a Hostile Work Environment Based on Age, in violation of Ohio Rev. Code §§ 4112.02(A) and 4112.99 (Count Three); and (iv) Unlawful

Intentional Age Discrimination, in violation of the Age Discrimination in Employment Act ("ADEA"), 28 U.S.C. §§ 621, *et seq.* (Count Four). (*Id.* at PageID #99–106).

On June 15, 2023, the HG Defendants filed an answer to the first amended complaint. (ECF No. 6). On January 19, 2024, Plaintiff and the HG Defendants filed a Stipulation for Leave to Amend Complaint to Add Additional Party Defendant. (ECF No. 14). The parties stipulated under Rule 15(a)(2) to amendment of the pleadings to add Holland Management HZ, LLC ("Holland Management") as a party defendant. (*Id.* at PageID #90). The parties further stipulated that Plaintiff would have 14 days to file a second amended complaint naming Holland Management as a party defendant in this action. (*Id.*). The same day, the Court entered a marginal order granting the parties' stipulation for leave to amend the complaint. (ECF No. 15).

On February 1, 2024, Plaintiff filed her second amended complaint, adding Holland Management as a party defendant and asserting the same four counts from the previous pleadings against all the defendants (Age Discrimination, Violation of Ohio Public Policy, Hostile Work Environment, Age Discrimination). (ECF No. 16). The second amended complaint also added Holland Management, Inc. ("HMI") and Lionstone as party defendants. (*Id.* at PageID #94–95). The HG Defendants filed an answer to second amended complaint and asserted a crossclaim of indemnification against Holland Management. (ECF No. 21). To date, neither Holland Management nor HMI have entered an appearance in this action.

## II.  MOTION TO STRIKE THE SECOND AMENDED COMPLAINT

On March 11, 2024, Lionstone filed its Motion to Strike. (ECF No. 25). Lionstone argues that the Court should strike the second amended complaint pursuant to Fed. R. Civ. P. 12(f) because Plaintiff added Lionstone as a party defendant, which exceeded the scope of the parties' stipulation and the Court's order for leave to amend. (*Id.* at PageID #173–75). Alternatively,

Lionstone argues that the Court should dismiss the claims against Lionstone in the second amended complaint with prejudice because: (i) Plaintiff failed to exhaust her administrative remedies, as she did not name Lionstone in her pre-suit administrative charge of age discrimination; (ii) Plaintiff's age discrimination claims against Lionstone are time-barred; and (iii) the claims against Lionstone are implausible, as it did not exist until after the events alleged in the pleadings. (*Id.* at PageID #175–84).

Plaintiff argues that striking of the second amended complaint is unwarranted because: (i) other federal courts have allowed amendments that exceeded the leave granted when doing so served the purposes of judicial economy; and (ii) here, Plaintiff "merely amended to add two related parties, one of whom was expressly mentioned in the stipulated leave to amend, with supporting allegations to support the identity and role of the new party defendants." (ECF No. 26, PageID #204–07). Plaintiff states that she sought to add Lionstone as a party defendant after supplemental discovery responses from the HG Defendants indicated that Lionstone currently operates and/or employs the employees at Oak Grove Manor. (*Id.* at PageID #207–08). She further states that discovery is needed to establish Lionstone's relationship to the HG Defendants and Holland Management—in order to establish whether Lionstone is the successor to the other defendants or their alter ago). (*Id.* at PageID #208).

Plaintiff argues that her claims against Lionstone should not be dismissed based on a failure to exhaust administrative remedies because Lionstone shares a clear identity of interest with the HG Defendants and Holland Management (the parties named in the relevant EEOC complaint). (*Id.* at PageID #208–12). Finally, Plaintiff argues that Lionstone's motion amounts to a motion for summary judgment and she should be allowed a full and fair opportunity to conduct discovery to properly oppose such a motion. (*Id.* at PageID #213–14).

3

**II.  LAW AND ANALYSIS**

Addressing Lionstone's request to strike the second amended complaint, Federal Rule of Civil Procedure 15(a)(1) provides that:

> A party may amend its pleading *once* as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1) (emphasis added). "In all other cases, a party may amend its pleadings *only* with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2) (emphasis added).

Under Rule 12(f), a district court is authorized to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are viewed with disfavor and are not frequently granted." *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1050 (6th Cir. 2015) (citations omitted); *see also Brown & Williamson Tobacco Corp. v. United States*, 201 F.2d 819, 822 (6th Cir. 1953) ("[T]he action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted to only when required for the purposes of justice."). However, district courts in this circuit have stricken amendments pursuant to Rule 12(f) when they have exceeded the scope of leave granted by the court. *See, e.g.*, *Johnson v. Knox Cnty.*, No. 3:19-cv-179-PLR-DCP, 2020 U.S. Dist. LEXIS 88828, at *14–16 (E.D. Tenn. May 20, 2020) (striking the additional parties added by a *pro se* plaintiff that exceeded the permission granted by the district court); *Wheat v. Chase Bank*, No. 3:11-cv-309, 2014 U.S. Dist. LEXIS 14003, at *20 (S.D. Ohio Feb. 3, 2014) ("The Court finds that Plaintiff's non-authorized amendments were 'impertinent,' as they exceeded the scope of the leave that the Court granted, and that allowing them to remain in an active pleading would frustrate the purpose of the Court's original order."); *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908,

4

912 (striking portions of the amended pleadings that exceeded court's grant of leave to amend). Ultimately, district courts have broad discretion to strike filings when they deem it appropriate. *McKinney v. Bayer Corp.*, No. 10-CV-224, 2010 U.S. Dist. LEXIS 69247, at *4 (N.D. Ohio July 12, 2010) (citing *Frisby v. Keith D. Weiner & Assoc.*, 669 F. Supp. 2d 863, 867 (N.D. Ohio. 2009); *see In re Keithley Instruments, Inc.*, 599 F. Supp. 2d at 911 ("However, within this framework, the court retains 'liberal discretion' to strike filings as it deems appropriate." (citation omitted)).

The joint stipulation filed by Plaintiff and the HG Defendants sought permission to solely add Holland Management as a party defendant. (ECF No. 14). The Court's order granted leave to amend the pleadings solely on this basis. (*See* ECF No. 15). The second amended complaint added two additional parties not mentioned or referenced in either the joint stipulation or the Court's order granting leave to amend—HMI and Lionstone. (ECF No. 16, PageID #93–95). Plaintiff's response in opposition to the instant motion essentially concedes that the second amended complaint exceeded the scope of the Court's order, but argues that the Court should not strike the amended pleadings on the basis of judicial efficiency. (ECF No. 26, PageID #204–06). Plaintiff also states that she added Lionstone as a party defendant because supplemental discovery responses from the HG Defendants, which were received after the Court issued the order granting leave to amend, revealed that Lionstone "operates and/or employs employees at Oak Grove Manor and is in possession of documents, including relevant personnel files, requested by Plaintiff in discovery." (*Id.* at PageID #207–08) (internal quotation marks omitted).

The Court finds that the amendment and addition of HMI and Lionstone as party defendants exceeded the scope of the Court's order granting leave to amend *and* the agreement of the parties. While Plaintiff might have discovered new information regarding parties that it believed should be added to this action, she cannot take a shortcut around the Federal Rules of Civil Procedure and

unilaterally add them as party defendants outside the strictures of Rule 15(a). Plaintiff already had an opportunity to file an amended complaint, as a matter of course, and took advantage of that opportunity. Plaintiff could have filed a renewed motion for leave to amend or could have sought a stipulation to add the new party defendants. She failed to do either, and chose instead to go beyond the scope of the leave granted by this Court.

Accordingly, the Court **GRANTS IN PART** Lionstone's request to strike the second amended complaint and shall **STRIKE** HMI and Lionstone as party defendants. The Court will provide Plaintiff with an opportunity to file a new motion for leave to file an amended complaint. Because the Court has stricken Lionstone as a party defendant, the Court declines to address the alternative arguments concerning dismissal pursuant to Rule 12(b)(6).

VI. **CONCLUSION**

For the foregoing reasons, the Court **ORDERS** as follows:

1. Lionstone's Motion to Strike (ECF No. 25) is **GRANTED IN PART**;

2. Holland Management, Inc. and Lionstone HZ OpCo Holdings, LLC are **STRICKEN** as party defendants **WITHOUT PREJUDICE**;

3. Plaintiff shall have 30 days from the issuance of this Order to file a motion for leave to amend the complaint to add new party defendants; and

4. The clerk's entry of default against Holland Management, Inc. is **VACATED**.[1]

**IT IS SO ORDERED.**

Dated: May 7, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**

---

[1] On April 3, 2024, Plaintiff filed an application for entry of default and the clerk entered default against HMI. (ECF Nos. 27, 29). Because HMI was stricken as a party defendant, the entry of default must be vacated.