UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MARJORIE PATTERSON, | ) | CASE NO. 1:23-cv-681 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| v. | ) | |
| | ) | |
| HOLLAND MANAGEMENT HZ, LLC, *et al.*, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff Marjorie Patterson's motion for default judgement (ECF No. 36) and Defendant Holland Management HZ, LLC's ("Holland HZ") motion to set aside entry of default (ECF No. 39). For the reasons discussed below, Plaintiff's motion for default judgment is **DENIED** and Defendant's motion to set aside entry of default is **GRANTED**.

I. **BACKGROUND**

On February 1, 2024, Plaintiff filed a second amended complaint against Defendants HG Ohio Employee Holding Corp., HG Ohio Operations, LLC ("HG Ohio"), and Holland LZ,[1] asserting four causes of action: (i) Age Discrimination under Ohio Rev. Code § 4112.02 *et seq.* (Count One); (ii) Violation of Ohio Public Policy under Ohio Rev. Code § 4123.90 (Count Two); (iii) Creation of Hostile Work Environment in Violation of Ohio Rev. Code §§ 4112.02(A) and 4112.99 (Count Three); and (iv) Unlawful Intentional Age Discrimination [Disparate Treatment] in Violation of the ADEA, 29 U.S.C. § 621 *et seq.* (Count Four). (ECF No. 16). On April 5, 2024, Plaintiff served Holland HZ with the second amended complaint and a summons by certified mail

---

[1] The second amended complaint added two more defendants in Holland Management, Inc. and Lionstone HZ OPCO Holdings LLC, (ECF No. 16, PageID #93–94), but they were later stricken as party defendants by the Court, (ECF No. 32, PageID #253).

1

upon its statutory agent, Taft Services Solutions Corp., and filed the return of service on April 9, 2024. (ECF No. 30).

On May 7, 2024, Plaintiff filed an application for entry of default against Holland HZ, stating that Holland HZ "failed to plead or otherwise defend" within the timeframe set under Fed. R. Civ. P. 55(a). (ECF No. 34). The next day, the Clerk entered default against Holland HZ. (ECF No. 35). On May 13, 2024, Plaintiff filed a motion for default judgment against Holland HZ. (ECF No. 36).

On June 5, 2024, Holland HZ filed its motion to set aside entry of default. (ECF No. 39). On June 6, 2024, it filed an opposition to Plaintiff's motion for default judgment. (ECF No. 41, PageID #282–83). That same filing contained a request to answer the second amended complaint *instanter*, (*Id.* at PageID #283–85), along with an attached proposed answer to the second amended complaint (ECF No. 41-2). Plaintiff filed a brief in support of her motion for default judgment (ECF No. 43) and a brief in opposition to Holland HZ's motion to set aside entry of default (ECF No. 46). In turn, Holland HZ submitted briefs in support of its own motions. (ECF Nos. 44, 45, 48).

## II. LEGAL STANDARD

Fed. R. Civ. P. 55 governs the entry of default and default judgment, as well as the process of setting it aside. *See Thompson v. Am. Home Assurance Co.*, 95 F.3d 429, 432–33 (6th Cir. 1996). Rule 55(a) provides the procedure for entering a default when a party fails to plead or otherwise defend and Rule 55(c) allows the court to set aside an entry of default "for good cause," while an entry of default judgment may be set aside under Rule 60(b). Fed. R. Civ. P. 55(a), (c). "[A]bsent entry of a final default judgment, the more lenient Rule 55(c) standard governs a motion to set aside a default or default judgment." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 840

(6th Cir. 2011). In considering whether a party has shown "good cause" under the Rule 55(c) standard, the Court must analyze the following three factors: (i) whether culpable conduct of the defendant led to the default, (ii) whether the defendant has a meritorious defense, and (iii) whether the plaintiff will be prejudiced. *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983) (quoting *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

Sixth Circuit courts have still applied the "good cause" standard while deciding a motion to set aside the default when the motion is opposed by a motion seeking the entry of default judgment. *See, e.g.*, *Gibson v. Pollak Food Distribs.*, No. 1:20-CV-1026, 2020 U.S. Dist. LEXIS 154849 (N.D. Ohio Aug. 26, 2020) (applying the "good cause" standard under Rule 55(c) to resolve the defendant's motion to set aside entry of default and the plaintiff's opposing motion for default judgment); *Progressive Preferred Ins. Co. v. Lawson*, No. 3:22 CV 2017, 2023 U.S. Dist. LEXIS 67034 (N.D. Ohio Apr. 17, 2023) (granting the defendant's motion to set aside entry of default and denying the plaintiff's motion for default judgment under Rule 55(c)). In the instant case, Holland HZ's motion to set aside entry of default was filed subsequent to the Clerk's entry of default and Plaintiff's motion for default judgment. (ECF Nos. 35, 36, 39).

Rule 55(c) grants the trial judge the discretion to weigh the factors in ruling on a motion to set aside. *Shepard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 193–94 (6th Cir. 1986). However, "[j]udgment by default is a drastic step which should be resorted to only in the most extreme cases." *United Coin Meter*, 705 F.2d at 845. Accordingly, courts addressing motions to set aside default under Rule 55(c) have been "extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *United States v. $ 22,050.00 United States Currency*, 595 F.3d 318, 322 (6th Cir. 2010).

## III. DISCUSSION

### A. Culpability of the Defendant

"To be treated as culpable, the conduct of a defendant must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of its conduct on those proceedings." *Dassault Systemes*, 663 F.3d at 841 (citing *Shepard Claims Serv.*, 796 F.2d at 194). Showing "mere negligence or failure to act reasonably" does not meet this standard. *$22,050.00 U.S. Currency*, 595 F.3d at 327. Instead, to sustain a default, a party's conduct must "rise to the level of culpability." *Gibson*, 2020 U.S. Dist. LEXIS 154849, at *10 (describing the defendant's conduct as careless and negligent when the delay was not lengthy, noting that there was no demonstrated pattern of disregard for orders or rules, and consequently finding the defendant's conduct was not sufficiently culpable); *Hernandez v. Telelink, LLC*, No. 4:18CV2203, 2019 U.S. Dist. LEXIS 176343, at *10 (N.D. Ohio Oct. 10, 2019) (finding the defendant's failure to update its statutory agent for service of process was regrettable but not to the level of willful or culpable conduct).

Plaintiff justifies her motion for default judgment and opposes Holland HZ's motion to set aside default for several reasons. She contends that there was a lack of diligence in Holland HZ's failure to file a timely answer because: (i) the summons and second amend complaint were duly served to Holland HZ's CEO Janet Harris on April 9, 2024, (ECF No. 43, PageID #314); (ii) Mr. McMahon, Holland HZ's Clinical Director, was responsible for sending litigation-related documents to the Holland HZ's insurance carrier but he did not check the email forwarded from Ms. Harris on time, (ECF No. 41-1, PageID #287); and (iii) Ms. Harris did not follow up with Mr. McMahon to ensure that the matter was being appropriately handled. (ECF No. 43, PageID #314). In response, Holland HZ states that Mr. McMahon mistakenly overlooked the relevant email while

4

traveling to other office locations and being involved in an intensive work project. (ECF No. 39, PageID #274). It also asserts that, to mitigate the damage after locating the email, Mr. McMahon immediately forwarded the summons and second amended complaint to the insurance carrier on the same day—May 22, 2024. (*Id.*). Since then, Holland HZ filed its motion to set aside entry of default on June 5, 2024, as well as an opposing brief to Plaintiff's motion for default judgment, a request to answer the second amended complaint, *instanter*, and a proposed answer to the second amended complaint on June 6, 2024. (ECF Nos. 39, 41, 41-2).

While Holland HZ's lack of attention caused a delay in response, the Court does not find that the delay significantly hindered judicial proceedings. Holland HZ's failure to check the email on time and respond to the second amended complaint promptly is regrettable, but it does not amount to "culpable conduct" under the Rule 55(c) standard. Also, upon discovering its failure to respond to the summons and second amended complaint, Holland HZ promptly took appropriate actions, and since then, has diligently participated in the lawsuit without demonstrating any dilatory behavior. Because setting aside default "is appropriate when the delay was not lengthy and when there is no pattern of disregard for the Court or its rules," this factor favors setting aside the default. *See Gibson*, 2020 U.S. Dist. LEXIS 154849, at *8 (citing *Shepard Claims Serv.,* 796 F.2d at 194).

      B.      **Prejudice to the Plaintiff**

Plaintiff argues that she suffered prejudice due to the five-week delay caused by Holland HZ and Plaintiff having to expend time and other resources to secure an entry of default and file a motion for default judgment. (ECF No. 43, PageID #314; ECF No. 46, PageID #324). First, the past expenses mentioned by Plaintiff cannot serve as evidence of prejudice because this factor pertains to future prejudice resulting from granting the motion to set aside, not past burdens

incurred due to Holland HZ's actions. *See Dassault Systemes*, 663 F.3d at 842. Courts recognize that setting aside a default will inevitably raise litigation costs for the plaintiff, and therefore, the prejudice under Rule 55(c) must be more substantial than anticipated cost increases or delays alone. *See $22,050.00 U.S. Currency*, 595 F.3d at 325 (rejecting delay or increased litigation cost, by themselves and without more, as a sufficient basis for prejudice). Plaintiff makes no such showing here.

Second, "delay alone is not a sufficient basis for establishing prejudice." *INVST Fin. Grp., Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391, 398 (6th Cir. 1987) (citations omitted); *United Coin Meter Co.*, 705 F.2d at 845 ("Mere delay in satisfying a plaintiff's claim, . . . is not sufficient prejudice to require denial of a motion to set aside a default judgment."). Thus, to establish prejudice against Plaintiff, "it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *INVST Fin. Grp.,* 815 F.2d at 398. Plaintiff provides no such evidence or arguments. *See Bonds v. Berne Union Local Sch.*, No. 2:20-cv-5367, 2023 U.S. Dist. LEXIS 144482, at *8 (S.D. Ohio Aug. 16, 2023) (concluding that a lack of evidence demonstrating a substantial increase in the difficulties of discovery and progression of the case should entry of default be set aside fails to meet the requisite prejudice standard). In addition, this case has pending claims against two other defendants (HG Ohio Employee Holding Corp. and HG Ohio), as well as an unresolved crossclaim against Holland HZ. (*See* ECF Nos. 16, 21). Because these claims will remain active, even if default judgment were entered against Holland HZ, Plaintiff cannot sufficiently establish that the delay from setting aside the entry of default against Holland HZ would cause "significant hardship." *See Glob. Hemp v. Indus. Hemp Sols.*, No. 5:20-CV-12-TBR, 2022 U.S. Dist. LEXIS 26896, at *11–12 (W.D. Ky. Feb. 14, 2022).

"Moreover, there is no prejudice to the plaintiff where the setting aside of a default does no more than require the plaintiff to prove his case. All that has been done is to give the defendant her day in court." *Bennett v. Mich. Dep't of Corr.*, No. 15-cv-14465, 2022 U.S. Dist. LEXIS 67096, at *5–6 (E.D. Mich. Apr. 11, 2022) (quoting *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000)) (cleaned up). Without more, Plaintiff has failed to establish that she would suffer unfair prejudice and hardship if the Court set aside the default. Accordingly, this factor weighs in favor of setting aside the default.

### C. Meritorious Defense

The Court must also consider whether the party in default has valid defenses that would merit a trial. *United Coin Meter*, 705 F.2d at 845. To satisfy the Rule 55(c) standard, the defense needs to be "good at law." *$22,050.00 U.S. Currency*, 595 F.3d at 326 (citing *Williams v. Meyer*, 346 F.3d 607, 614 (6th Cir. 2003)). A defense is deemed "good at law" if it presents "a possibility of a different outcome if the case were to proceed to trial," and it does not require showing "whether the defense is actually likely to succeed on the merits." *Id.*

Holland HZ asserts in its motion to set aside entry of default that it has a valid defense against Plaintiff's claims of employment discrimination because it was only a management company and not Plaintiff's employer; thus, Plaintiff cannot maintain her claims against it. (ECF No. 39, PageID #274). Holland HZ also asserts that it may uncover additional meritorious defenses as discovery progresses. (*Id.* at PageID #275). Plaintiff argues that a defense must be "a complete defense" to be considered meritorious, suggesting that evidence of a joint-employer relationship could negate Holland HZ's assertion that there is no employer-employee relationship between itself and Plaintiff. (*Id.* at PageID #322). Plaintiff argues that there is sufficient evidence to establish a joint-employer relationship between Holland HZ and HG Ohio—Plaintiff's

7

employer—because discovery responses provided thus far indicate that Holland HZ managed all HG Ohio employees. (ECF No. 46, PageID #322–23). However, the standard for a meritorious argument in this case is lower than the "complete defense" standard asserted by Plaintiff. The appropriate analysis is to examine whether a party raised at least one defense that can establish "a hint of a suggestion" to impact the outcome of the suit. *Dassault Systemes*, 663 F.3d at 843.

It is still in dispute whether an employment relationship existed between Holland HZ and Plaintiff, whether directly or through a joint-employer relationship between Holland HZ and HG Ohio. If Holland HZ disproves the existence of such a relationship, it would influence the outcome of this suit and the claims against Holland HZ.[2] Thus, Holland HZ has raised "at least one defense that presents some possibility of a different outcome" and satisfies the meritorious defense standard. *Id.* Accordingly, this factor weighs in favor of setting aside the default.

D.      **Balancing the Factors**

In considering the foregoing factors, it is important to recognize that default judgment should be reserved for the most extreme cases. The preferred approach is to "set aside the judgment so that cases may be decided on their merits." *United Coin Meter*, 705 F.2d at 846. Courts have disfavored default judgments and thus have required all three factors to weigh against the defaulted party or required culpability to be intentional enough to outweigh other considerations. *See, e.g.*, *$22,050.00 U.S. Currency*, 595 F.3d at 326–27 (stating the district court erred in denying the Rule 55(c) motion when there was no prejudice established, defendant provided meritorious defenses, and the culpability factor was neutral); *Dassault Systemes,* 663 F.3d at 844 (ruling that the district court's denial of the motion to set aside the default judgment

---

[2] It appears that the Defendant has raised additional affirmative defenses, such as failure to state a claim and statute of limitations, in its Answer. (ECF No. 41-2, PageID #295–96). If proven, these defenses could potentially influence the disposition of this case.

must be reversed when there is a potentially meritorious defense, the absence of significant prejudice, and a lack of specific conduct that is culpable enough to outweigh these factors).

Upon review, there is no single factor that weighs against setting aside the entry of default against Holland HZ. Even though Holland HZ's conduct may have been below standard in failing to timely answer the second amended complaint, courts generally rule in favor of defaulted defendants, like Holland HZ, whose conduct was not willful and when other factors weighed in favor of setting aside the default. *See Shepard Claims Serv.,* F.2d at 194 (finding that "when the first two factors militate in favor of setting aside the entry, it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead."). With an absence of evidence demonstrating Holland HZ's culpability, prejudice against Plaintiff, and the lack of a meritorious defense, the Court finds it appropriate to set aside the entry of default and allow the claims against Holland HZ to be resolved on the merits.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for entry of default judgment (ECF No. 36) is **DENIED** and Defendant Holland HZ's motion to set aside entry of default (ECF No. 39) is **GRANTED**. The Clerk's entry of default against Holland HZ is hereby **VACATED**. Holland HZ's motion to answer the second amended complaint, *instanter* (ECF No. 41, PageID #283–85) is **GRANTED** and the attached proposed answer to the second amended complaint (ECF No. 41-2) shall be deemed filed as the date of this Order.

**IT IS SO ORDERED.**

Date: July 18, 2024

_____
**CHARLES E. FLEMING**
**U.S. DISTRICT COURT JUDGE**